**COLT B. DODRILL, ESQ.**
Arizona Bar No. 023907
**WOLFE & WYMAN LLP**
11811 N. Tatum Blvd., Suite 3031
Phoenix, AZ 85028-1621
cbdodrill@wolfewyman.com
Tel: (602) 953-0100
Fax: (602) 953-0101

**Attorneys for Defendant**
**Parkside Lending, LLC**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey and Steven Yontez<br><br>Plaintiffs,<br>v.<br><br>Parkside Lending, LLC; Equifax Information Services, LLC; Transunion, LLC; and Experian Information Solutions, Inc.,<br><br>Defendants. | Case No. 2:19-cv-05345-NVW<br><br>**JOINT NOTICE OF DISCOVERY DISPUTE** |

Pursuant to the procedures set forth in the Amended Case Management Order (ECF No. 51.), the parties by and through their undersigned counsel notify the court of the following discovery dispute.

## I.     INTRODUCTION

Plaintiffs Stacey and Steven Yontez allege Parkside improper reported a late mortgage payment and filed this suit under the Fair Credit Reporting Act. 15 U.S.C. §§ 1681, et al. Plaintiffs seek to recover special damages related to alleged increased credit costs due to negative reporting of Plaintiffs' credit. Plaintiffs also seek general damages for alleged emotional distress. Defendant Parkside Lending, LLC (hereinafter "Parkside") denies liability and damages.

In Discovery, Parkside requested the following information and documents:

1. Plaintiffs' Fed. R. Civ. P. 26(1)(a)(iii) computation of their alleged special damages.

2. HIPAA Authorization executed by Stacey Yontez' to allow Parkside to obtain her mental records from her mental health provider, Mark Schwartz, Ph.D., D.O.

Plaintiffs have refused to provide the requested information and documents. This dispute follows.

## II. PARTIES' POSITIONS

### A. Computation of Damages

This parties disagree whether Plaintiffs must supplement their MIDP responses with a computation of their special damages, i.e., the difference between the loan terms they received and the loan terms they could have received but for the negative credit reporting.

### 1. Parkside's Position

Parkside's position is that Fed. R. Civ. P. 26 requires Plaintiffs to disclose a computation of damages and they can obtain the information necessary to make that computation by calling their loan officer. Under the rules a party must disclose:

> a **computation** of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, **including materials bearing on the nature and extent of injuries suffered.**

Fed. R. Civ. P. 26(1)(a)(iii) (Emphases added). Plaintiffs' failure to produce this computation may exclude it at trial. *Hill v. United States Dep't of Homeland Sec.*, 570 F. App'x 667, 670 (9th Cir. 2014). This means Plaintiffs must do the math to apprise Parkside of the nature and extent of their alleged special damages, if any: "by its very terms, Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statement; it requires a 'computation,' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). In *Design Strategy*, the court rejected the disclosing party's argument that providing financial statements from which computations could allegedly derive information was sufficient disclosure. *Id.* at 295. Similarly herein, the mere

2

3619820.2

production of certain refinance documents is insufficient under the rules. Thus, Parkside need not perform the computation or search to uncover the information on which Plaintiffs' alleged special damages, if any, can be computed. Further, expert discovery is not necessary for simple arithmetic computations. Accordingly, the Court should order Plaintiffs to disclose a computation of their alleged special damages, if any.

2. Plaintiffs' Position

Plaintiff, however, distinguishes the instant case from *Design Strategy*. The discovery at issue in *Design Strategy* was Plaintiff's computation evidence supporting its claim for its own lost profits, which Plaintiff certainly had in its sole possession. *Design Strategy*, 469 F.3d 284, 287. It is likely, although not certain at this time, that testimony from Plaintiffs' mortgage lender is necessary to accurately compute Plaintiffs' damages.

On April 8, 2020, Plaintiffs supplemented their discovery responses to include Plaintiffs' final, signed Closing Statement for their refinance in December 2019, which lists the additional costs of the loan for the first eleven (11) years of the loan due to the erroneous reporting by Parkside (YONTEZ 000353-359). Further, Plaintiffs supplemented their response to Interrogatory 10 to state the approximate amount of closing costs and the approximate interest rate for the Conventional Refinance which Plaintiffs should have obtained in July 2019 but for the erroneous reporting by Parkside. Plaintiffs believe that the supplemental responses satisfy Plaintiff's disclosure requirements under Rule 33 as well as the MIDP requirements.  It appears that Defendant's may be seeking expert damages calculations. If not, it is not clear what Defendant is asking Plaintiff to do.

**B.     Mental Health Records**

The parties dispute whether Plaintiff Stacey Yontez must execute a HIPAA release to allow Parkside to obtain her mental health records.

1. Parkside's Position

Parkside's position is that Ms. Yontez placed her mental health records at issue because she alleges emotional distress allegedly caused by Parkside's negative reporting. It is immaterial whether she is claiming Parkside is responsible for her pre-existing mental

3

condition or sought treatment for emotional distress related to the credit reporting. Ms. Yontez' refusal to allow Parkside to obtain her mental health records goes against the purpose of discovery. See, e.g., *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1111 (9th Cir. 2007) ("[T]he purpose of discovery is to aid a party in the preparation of its case . . . ."); Fed. R. Civ. P. 26(b) advisory committee's note to 1946 amendment) ("The purpose of discovery is to allow a broad search for facts . . . or any other matters which may aid a party in the preparation or presentation of his case."). Indeed, by claiming emotional distress, Ms. Yontez put her mental health at issue and waived any right to privacy in that regard. *Maynard v. City of San Jose*, 37 F.3d 1396, 1402 (9th Cir. 1994). Here, Ms. Yontez' mental health records are relevant as to whether the negative credit reporting <u>caused</u> Ms. Yontez to suffer any emotional distress, or whether any emotional distress was a pre-existing condition for which Parkside cannot be responsible. In other words, Ms. Yontez' recoverable emotional distress, if any, is measured by subtracting the extent of her prior emotional distress from her current emotional distress. By withholding this information, Ms. Yontez' is preventing Parkside from discovering the extent of her mental health condition immediately preceding the alleged negative reporting and whether she received treatment related to the credit reporting. Thus, Parkside will be blindsided, unable to defend against Ms. Yontez' subjective emotional distress claims.

2. <u>Plaintiffs' Position</u>

Plaintiff Stacey Yontez takes issue with Defendant's statement that Plaintiff is "refus[ing] to allow Parkside to obtain her mental Health Records." In fact, Plaintiff has provided Parkside the name of Plaintiff's psychiatrist and offered to provide Plaintiff's medical records from one (1) year prior to the filing of the complaint. Plaintiff has already responded in discovery that Parkside's conduct did not cause Plaintiff's mental health and anxiety issues, but that it simply aggravated a pre-existing condition. The issue is not how long it existed or what caused Plaintiff's initial condition; what is relevant here is that Plaintiff had a pre-existing condition as of May 2019 at the time of Defendant's aggravating

///

conduct. Defendant has no basis for requiring medical records longer than the time-frame Plaintiff is offering as it is not relevant nor proportional to the needs of the case.

### III.     CONCLUSION

The parties request the Court resolve this discovery dispute so the parties can proceed accordingly herein.

DATED: April 14, 2020                          PRICE LAW GROUP, APC

By:  /s/ *David A. Chami*
　　　DAVID A. CHAMI
　　　Arizona Bar No. 027585
　　　PRICE LAW GROUP, APC
　　　8245 N. 85th Way
　　　Scottsdale, AZ 85258
　　　david@pricelawgroup.com
　　　Tel: (818) 600-5585
　　　Fax: (866) 683-3985

　　　Attorneys for Plaintiffs
　　　STACEY and STEVEN YONTEZ

DATED:  April 14, 2020                         WOLFE & WYMAN LLP

By: /s/ *Colt B. Dodrill*
　　　COLT B. DODRILL, ESQ.
　　　Arizona Bar No. 023907
　　　WOLFE & WYMAN LLP
　　　11811 N. Tatum Blvd., Suite 3031
　　　Phoenix, AZ 85028-1621
　　　cbdodrill@wolfewyman.com
　　　Tel: (602) 953-0100
　　　Fax: (602) 953-0101

　　　Attorneys for Defendant
　　　PARKSIDE LENDING, LLC

**CERTIFICATE OF SERVICE**

On April 14, 2020, I served the **JOINT NOTICE OF DISCOVERY DISPUTE** by the following means to the persons as listed below:

☒ a. EFC System (you must attach the "Notice of Electronic Filing," or list all persons and addresses and attach additional paper if necessary):

| | |
|---|---|
| David A. Chami<br>Dawn McCraw<br>PRICE LAW GROUP APC<br>8245 N. 85th Way<br>Scottsdale, AZ 85258<br>Tel: (818) 600-5585<br>Fax (818) 600-5485<br>Email: *david@pricelawgroup.com*<br>Email: *dawn@pricelawgroup.com* | **Attorneys for Plaintiff**<br>**STACEY YONTEZ and**<br>**STEVEN YONTEZ** |
| William W. Drury, Jr.<br>Miles Masog<br>RENAUD COOK DRURY MESAROS, PA<br>1 N. Central Avenue, Suite 900<br>Phoenix, AZ 85004-4417<br>Tel: (602) 307-9000<br>Email: *wdrury@rcdmlaw.com*<br>Email: *mmasog@rcdmlaw.com* | **Attorneys for**<br>**TRANS UNION LLC** |

☐ b. A **COPY** of the foregoing document was mailed on April___, 2020, through the United States Mail, postage fully pre-paid.

☐ c. A Copy was E-mailed to each individual's address of record as listed herein below:

By: ___/s/ *Rebecca Nichols*___
Rebecca Nichols
An employee of Wolfe & Wyman LLP

6

3619820.2